LUIS ALBERTO MONTERO, ETC., Plaintiff and Appellant, v. THE KNOWN HEIRS OF PEDRO SANTONI RODRÍGUEZ, ETC., Defendants and Appellees.

No. 7979. Argued November 6, 1939.—Decided November 30, 1939.

*Luis Mercader* for appellant. *A. E. Suliveres Colón* for appellees.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

This suit for filiation was filed against the heirs of Pedro Santoni Rodríguez, who are Belén María, Juan de los Santos, Mariano, Félix Arístides, Margarita Elisa and Rafael Raimundo Santoni Artáu, and Rafael Angel, Félix Guillermo, César Luis, Raquel and Herminio Méndez Santoni, all nephews of the testator aforesaid.

Plaintiff requested to be declared the acknowledged natural son of Pedro Santoni Rodríguez, with all rights inherent to such status; and that there be annulled and vacated the order of October 3, 1936, entered by the District Court of

Arecibo in case No. 15,657, by which the defendants were declared the sole and universal heirs of their aforementioned uncle and finally, that they be condemned to pay the costs and attorney's fees.

The summons were personally served on all the defendants, with the exception of Rafael Raimundo Santoni Artáu and Rafael Angel Méndez Santoni who, due to the fact that they lived outside Puerto Rico, were summoned by publication. (Record 26–27.)

The five defendants first mentioned, that is, Belén María, Juan de los Santos, Mariano, Félix Arístides and Margarita Elisa Santoni Artáu, appeared through their counsel Messrs. Suliveres and answered the complaint, opposing the claims of the plaintiff. The other defendants did not appear and their default was noted in due time.

The case went to trial and was finally decided by judgment of May 31, 1938, which dismissed the complaint.

Plaintiff appealed to this Court on that same date, serving copy of the notice of appeal on the five defendants who appeared through the Attorneys Suliveres. (Record, p. 45.).

It not appearing from the record that the defendants whose default had been noted, were notified of the appeal, on June 26 last, the appellees represented by the Attorneys Suliveres, filed a motion for the dismissal of the appeal for failure to notify the same to all the parties interested in the judgment. The motion was set to be heard on the sixth of the current month. Appellant takes for granted the necessity of notifying all the defendants and to that effect he filed, on November 2, 1939, a pleading opposing the motion for dismissal, whereby counsel for appellant, Mr. Mercader, swears that all the defendants were personally summoned, exception made of Rafael Raimundo Santoni Artáu who due to the fact that he was in the United States, was summoned by publication; and that having become aware through the investigations carried out in Utuado by Juan Olmo González that said defendant Rafael Raimundo Santoni was in

Puerto Rico, he sent by mail, to Utuado and San Sebastián on June 4, 1938, a carbon copy of the notice of appeal addressed to each one of said defendants in default. He also filed an affidavit subscribed by Juan Olmo González where, after corroborating the testimony of the Attorney Luis Mercader in regard to the service of the notice of appeal, he further attests that he personally served the summons on all the defendants Méndez and Santoni and on the father of the latter, Herminio Méndez Pérez, in San Sebastián.

The appellant filed, together with his pleading opposing the motion for dismissal, a motion whereby he submits that of defendants appellees on its merits.

On the 6th of the current month, the appellees appeared through their counsel, Mr. Suliveres, who filed a brief and affidavits of the defendants Rafael Raimundo Santoni Artáu, Raquel Méndez Santoni, Herminio Méndez Pérez and César Luis Méndez Santoni.

The first one, Rafael Raimundo Santoni Artáu, attests that he had returned to Puerto Rico by the time the trial was held and that he attended it, having talked to the Attorneys Rafael Marchán and Luis Mercader; in consequence the latter knew that he had come back from the United States. That neither on June 4, 1938, nor in any other subsequent date he has received by mail or through any other means, from the Attorney Luis Mercader or from any other person, any notice or copy of the notice of appeal and that he has not been served at all with a copy of said notice of appeal. He further denies to have been served with copy of the judgment roll.

Raquel Méndez Santoni states under oath that from the time prior to the commencement of this suit, "before the year 1937, her germane brothers Rafael Angel and Félix Guillermo Méndez Santoni, also made defendants in said suit, live in New York, where they work and where they have established their families and domiciles from that date, for which reason they were notified of said complaint by

publication. That during the years 1937, 1938 and 1939 she has been and is in charge of collecting in the post-office of said city (San Sebastián) all the mail for her father Herminio Méndez, and for her already mentioned brothers Méndez Santoni and of delivering it to them in the house of the farm where they live, and in a categorical manner she affirms that: neither on June 4, 1938, nor in any other prior or subsequent date, by mail or through any other means, the declarant has received any envelope addressed to her or to her father Herminio Méndez or to her brothers Rafael Angel and Félix Guillermo, who live in New York, or to César Luis and Herminio Méndez Santoni who live with her, any envelope from the Attorney Luis Mercader or from any other person which contained copy of the notice of the appeal taken in said suit by the Attorney Mercader on behalf of the plaintiff.'' She further denies to have received for her father or brothers any envelope containing notice of the judgment roll or copy of the brief.

The affidavit of Herminio Méndez Pérez, father of the defendants Méndez Santoni, attests that from the time prior to the commencement of this suit his sons Rafael Angel and Félix Guillermo Méndez Santoni reside in New York, where they work and where they have established their families and domiciles, for which reason they were notified of said complaint by means of publication. Mr. Méndez further attests that neither on June 4, 1938, nor in any other prior or subsequent date has he received by mail or through any other means, from the Attorney Luis Mercader or from any other person, notice of or copy of the notice of appeal taken in this case, and that he has neither been served in any manner whatsoever with copy of the judgment roll or of appellant's brief.

The affidavit of César Luis Méndez Santoni is drawn in the same terms.

Yet, it appears from the record that the defendants Rafael Raimundo Santoni Artáu and Rafael Angel Méndez Santoni

were summoned by publication and consequently it affirmatively appears that Rafael Méndez Santoni was not personally served with the summons by Juan Olmo González as the latter attests in his affidavit. The defendant Félix Guillermo Méndez, who according to the affidavits sworn to and subscribed by his father and brothers, was summoned by publication, appears to have been personally served with summons in San Sebastián, together with his other brothers, residents therein. It is easy, upon serving the summons on various defendants at the same time and in the same place, to inadvertently state in the return that a defendant has been served with the summons together with the others when actually he was not; but in order that our decision should not be based on mere conjectures we are going to assume that this defendant was personally summoned in San Sebastián. We shall also ignore, for the benefit of appellant, whether or not the defendants residents in San Sebastián and Mr. Rafael Raimundo Santoni Artáu were served with copy of the notice of appeal and of the judgment roll, despite the fact that the weight of the evidence seems to be in favor of said defendants, as in the notice of appeal no mention whatsoever is made of these defendants in default, the pertinent part of said notice being drawn in the following terms:

"The plaintiff, by his undersigned attorney, notifies the clerk of the court, the court and *counsel for the defendants, Messrs. Antonio Suliveres, father and son, of Utuado, P. R.* that not being satisfied with the judgment rendered in this case, today, May 31, 1938, appeals from the same to the Supreme Court of Puerto Rico."

It neither appears from the record, exception made of the affidavits of Messrs. Mercader and Olmo to which we have lately referred, that notice was served by mail on the defendants in default.

. ██ But disregarding all this, it appears from the record an uncontroverted true fact, which is that Rafael Angel Méndez Santoni was summoned by publication, and that according to the undisputed affidavits of Raquel Méndez

Santoni, Herminio Méndez Pérez and César Luis Méndez Santoni, this defendant is a resident of New York from a time prior to the commencement of this suit and continued to live there at the time when such affidavits were filed. This evidence has not been controverted, for as we have seen, the sworn motion of Mr. Mercader and the affidavit of Mr. Olmos only refer to their having sent by mail the copy of the notice of appeal, but none of them affirms, as they do in regard to Rafael Raimundo Santoni, that Rafael Angel Méndez Santoni was in Puerto Rico on or after June 4, 1939, the date when it is alleged that a copy of the notice of appeal was mailed to him.

Since the defendant Rafael Angel Méndez Santoni was living in the City of New York at the date when it is alleged that he was noticed by mail, through the remittance of a copy of the notice of appeal to San Sebastián, P. R., we must conclude that such notice by mail is not valid in regard to this defendant, as not having put in an appearance and being out of Puerto Rico, he could not have been personally notified. There is no doubt whatsoever that such service by publication was not made, as it does not appear from the record and appellant himself sustains that he served the notice by mail.

This defendant is a party interested in the judgment which may finally be entered, inasmuch as if the judgment appealed from were reversed, he would not participate in the inheritance of his uncle whose heir he was declared. Notice of appeal not having been served on him, this Court lacks jurisdiction to consider the appeal and the same must be consequently, dismissed.